By the Court:
It is objected, by the defendant, in this case, that the submission .being by specialty, can not be given in evidence to support an action of assumpsit. In answer to this objection, it is urged that the action is founded on the award, and not upon the submission. That it is sufficient in declaring to set forth the award, and state in general terms' that the parties made the submission, and that the .award not being, under seal, assumpsit may well lie upon it.
The answer to this argument is, that the award of itself imposes mo obligation on the parties. Without their act of submission the arbitrators could possess no power over them, or their business, 'Consequently it is not the award, but the submission, that is the •foundation of the action. If the submission were not averred, the declaration would be as defective as if it failed to set out the .award itself. •
The liability of the defendant originates in the contract of sub.mission that necessarily must precede the award. It is from this contract that the arbitrators derive their authority, as judges ■whoso decision is to bind the parties. By it they must be governed iu their proceedings. A departure from its stipulations renders their decision inoperative, being void for defect of power to act It is the submission, therefore, that is the foundation of the right claimed by the plaintiff, and it is only in virtue of the submission that the subsequent proceedings have a binding force. The action originates in the submission, and ought to correspond in character with it. If it is by deed, the remedy should be by debt *483 or covenant. If by parol, or writing not under seal, it may be by assumpsit.
It is asked, if the submission is by parol, and the award under seal, what is the action? The reply is, that assumpsit-may, in that case, be well-sustained. The seals of the arbitrators are not the seals of the parties, and can impose no obligations upon them as such. The contract that binds them is by parol, and the remedy must conform to that contract, and can not be varied by the fact of the arbitrators adding or omitting seals to the award.
*In assumpsit upon an award the general issue, non assumpsit, necessarily puts the fact of the submission in issue. It would be an anomaly in pleading, that the making of a deed should be put in issue by such a plea. Yet this is inevitable, if assumpsit can be maintained in such a ease. The great object of pleading would be defeated. Neither the declaration nor the plea would present the real foundation of the action. It would come before the court collaterally, without direct affirmance or denial by either party. When the declaration is in covenant, it must recite a submission by deed, and when it is in debt, and the submission is by deed, it should so recite it. The defendant could then plead no other general issue, that would control the submission, but non est -factum, for the plea of no such awards would admit the submission, so that, in the proper form of action, the regular modes of pleading would be preserved, whilst in the mode now attempted it would be wholly subverted. This alone is a decisive argument against the present action. In the opinion of the court, principle and precedent both 'concur in conducting to the conclusion, that the action is erroneously conceived.
Judgment must be for the defendant.