**PRICE FIELD PILOTS CLUB, Inc., Plaintiff, v. LEE, Defendant.**

Common Pleas Court, Franklin County.

No. 185365.   Decided October 5, 1954.

Mac Lee Henney, Columbus, for plaintiff.
John J. Chester, Columbus, for defendant.

## OPINION

By BARTLETT, J.

The motion is sustained to strike from the petition the words, (a) "negligently" and (b) "not only from the negligent and careless operation of the aircraft by the defendant." There must be allegations of the facts upon which the conclusion rests, if the conclusion be pleaded.

(c) The motion is overruled to strike from the petition the words: "That as provided in said article, a meeting of the club was held, upon notice, attended by the defendant, and it was determined by the club membership, following investigation, as provided, that the accident was the result of the defendant Earl M. Lee's negligence and his violation of said regulations."

This allegation is a proper and essential pleading of the meeting of the members of the Club on notice, attended by the defendant member, in which the members of the Club, after investigation and hearing, determined, as provided by the by-laws of the Club, that the damage to the airplane resulted from the negligence of the defendant and his violation of the air Regulations in the operation of said airplane, and made an award against him in favor of the club. The issue thus made must be met by the defendant member, if not true by a denial, or if true, by pleading new matter which does not now appear of record, to impeach or avoid the effect thereof.

The motion is sustained to make the petition definite and certain; (a) as to what acts of the defendant are claimed to be negligent, (b) local regulations claimed defendant violated, (c) Civil Air Regulations claimed he violated.

This motion is sustained in full for the reasons set forth in No. 4 and 5, supra.

Plaintiff, a corporation not for profit, was the owner of an Aeronca Sedan Aircraft, and the defendant is a member of said corporation.

On March 8, 1952, defendant was piloting said airplane of plaintiff and attempted to land at the Titusville, Florida, airport, and in doing so, damaged said airplane beyond repair. The value of the plane is averred to have been $2492.00 and its salvage value $350.00 after the crash.

Petition avers "said damage resulted not only from the

negligent and careless operation of the aircraft by the defendant, but also resulted from violation by him of the Civil Air Regulations and local regulations."

The petition sets forth certain by-laws of plaintiff corporation, pertinent parts of which are as follows:

"a. If any accident is caused through violation of Civil Air Regulations or local regulations, the member at fault shall be responsible for the uninsured portion of the damages."

"b. Any member is liable to the Club for any damage resulting from his own carelessness or negligence."

"d. In case of doubt as to the cause of an accident, a meeting will be called by officers and members of the Club to decide on the case in question."

The petition avers a meeting of the Club was held as provided in said by-law, upon notice, attended by defendant, and it was determined by the Club membership, following investigation, that the accident was the result of defendant's negligence and his violation of said regulations. The petition prays judgment for $2142.00 and costs.

A motion was filed by counsel for defendant to strike from the petition (a) the words: "intelligently" (should be "negligently"), and (b) "not only from the negligent and careless operation of the aircraft by the defendant," and also, to strike out entirely the averments that a meeting of the Club was held on notice, attended by defendant, and the membership determined that the accident was the result of defendant's negligence and his violation of said air Regulations.

Counsel for defendant also filed a motion to make the petition definite and certain by stating:

(a) What acts of defendant were negligent,

(b) What local regulations defendant violated, and

(c) What Civil Air Regulations defendant violated.

Counsel for the plaintiff countered in his brief saying that the novel question presented in the instant case, cannot be settled by the commonly accepted rules of negligence pleading; and that the defendant's liability is based on his contractual obligation as a member of the plaintiff corporation to be bound by the by-laws of such Club, although his liability resulted from his negligence.

"It is a well-settled principle of law, recognized by the courts of this state and by the courts of other states, that the members of a fraternal association by adopting a constitution and by-laws and providing reasonable rules and regulations for settling their own disputes, and by establishing their own tribunals of original, intermediate, and appellate jurisdiction, become bound thereby, provided such constitution, by-laws, rules, and regulations do not contravene the laws of

the state. It is also well settled that the members of such an association must conform to the reasonable rules and regulations thereof and must exhaust all remedies within the association and before such regularly constituted tribunals." Per Curiam opinion in case of **International Union of Steam and Operating Engineers, et al. v. Owens, 119 Oh St 94, 98.**

In the foregoing case the charter of Local Union No. 293 was revoked by the General Executive Board of the international organization, due to a controversy over the calling of a strike, and immediately thereafter there was instituted a new local union known as No. 874. Substantially all the members of the old local union were transferred into the new union and Owens, as such a member of the old union, applied to the General Executive Board of said international organization, an unincorporated association, for a transfer to the new union; which the Executive Board refused, under the constitution of said International Union which authorized said Executive Board for good cause shown, or for the best interests of the union, to grant or deny such application for transfer. Owens instituted this action for mandatory injunction, to enjoin the International Union from refusing to issue such transfer. The Common Pleas Court found in favor of Owens, and upon appeal the Court of Appeals also found for him and granted such an injunction.

The Supreme Court of Ohio in the Owens case, supra, also stated in its opinion among other things as follows:

"It is conceded in the instant case that the International Union * * * is such a fraternal organization, and it must therefore be conceded that, if the defendant in error, has pursued all his remedies before the tribunals within the association, and if the duly constituted tribunals have failed to observe the constitution, by-laws, rules and regulations of the association, the defendant in error is entitled to invoke the aid of the court to compel such tribunals to accord to him those rights, if any, which are shown to have been denied."

"We have carefully examined the record and it clearly appears that all the proceedings were regular relating to the revocation of the charter of Local Union No. 293 and the organization of Local Union No. 874. The **defendant in error had full notice of and participated in those hearings, and he is precluded by the action in those matters.** * * * If he desired and requested a hearing and it was not accorded to him, then a substantial right has been denied him. * * * If no hearing has been accorded to Owens, he is entitled to have it, but the courts do not guarantee more than that. The International Union * * * is required to complete any un-

completed processes in determining any rights between its members, and likewise any rights between members of any local union and such local union itself." * * * (Emphasis ours.)

"3. The constitution, by-laws and charter of a labor union, constitute a contract between the members, the parent body, and its subordinate bodies." **Local Union 13013, District 50, United Mine Workers, etc. et al. v. Cikra et al, 86 Oh Ap 41.**

"11. Where provisions are incorporated in the constitution and by-laws of a labor union for determining issues arising within the union, each member thereof is bound by such provisions unless they are unreasonable, arbitrary or in contravention of law." **Seligman v. Toledo Moving Pictures Operators Union, etc. et al., 88 Oh Ap 137.**

"1. When the duly adopted laws of a voluntary labor organization provide for the final settlement of disputes among its members by a regularly constituted standing committee of members, its action thereunder is final, and conclusive and will not be disturbed by the courts unless it was unreasonable, arbitrary, capricious or oppressive." **Boblitt et al. v. C. C. C. & St. L. Ry. Co., 73 Oh Ap 339.**

"1. An unincorporated association of grain dealers, * * * may adopt rules and by-laws providing for the arbitration of all matters of difference pertaining to the grain business that may arise between its members."

"2. A member of such organization, who refuses to comply with the rules and by-laws relating to arbitration, is subject to the penalty for such refusal provided by the rules and by-laws." **Paddock Hodge Co. v. Grain Dealers National Assn. et al., 18 Oh Ap 66.**

"An award covering the issues, made in good faith upon a full hearing, and in obedience to the submission, is final and conclusive." **4 O. Jur. 2d, Arbitration and Award, Sec. 62, p. 697.**

"1. Where the parties to an action pending in the court of common pleas enter into an agreement of arbitration, the same not being made a rule of court, which agreement provides for the submission to arbitrators in such agreement named, of all the issues of law and fact joined between the parties in the action, to hear and finally determine the same, and provides further that the award of the arbitrators shall be final and conclusive upon the parties, and that the prevailing party shall have judgment, and the arbitrators take upon themselves the burden of the submission, and trial is had before them pursuant to its terms, and award is rendered which conforms in all respects to the requirements of the submission, such award, in the absence of fraud and of such

manifest mistake as naturally works a fraud, is binding upon the parties **and entitles the successful party to judgment thereon."** (Emphasis ours.) **Corrigan v. Rockefeller, 67 Oh St 354; Darke County v. Mercer County, 93 Oh St 37.**

Where the parties to a contract are bound by the determination of an arbiter, it is error to submit the question thus determined to a jury. **4 O. Jur. 2d, Arbitration and Award, Sec. 62, p. 698.**

"The action to enforce a common law award must be brought upon pleadings as in other cases. The action originates in the submission and should correspond in character with it. Accordingly, it is necessary to aver both the submission and the award thereon." **4 O. Jur. 2d, Ibid, Sec. 68, p. 704; Childs v. Updyke, 9 Oh St 333;**

"The award of itself imposes no obligation on the parties. Without their act of submission the arbitrators could possess no power over them, or their business, consequently it is not the award, but the submission, that is the foundation of the action. If the submission were not averred, the declaration would be as defective as if it failed to set out the award itself." **Tullis, Admr. v. Sewell, 3 Ohio 510.**

"The enforcement of the award may be sought by the plaintiff through his declaration or complaint in an action thereon, * * *, by appropriate allegations the party seeking to enforce the award **must show all facts necessary to create an obligation from the opposite party to him.** The fact of submission, as well as the making of the award, should be alleged, therefore; and since a valid award must be based on the submission, by proper averments, it should be identified therewith. * * *"

"Averments to establish an oral award pursuant to a common law submission are **sufficient if facts are set forth showing the existence of matters in dispute, * * *.''** (Emphasis ours.) 3 Am. Jur. Arbitration and Award, Sec. 161, p. 977.

"It is well settled law, that allegation of duty without stating the facts from which the duty arises, is insufficient, and, without legal significance. It is also true, if the facts stated do not give rise to a duty alleged, the allegation of duty is immaterial." **B. and O. Ry. Co. v. Wilson, 31 Oh St 555, 557;**

"It being the object of all pleading to reach a specific and definite issue upon a material fact which constitutes the subject-matter of the dispute, the facts constituting the cause of action * * * should now, as before the code, be stated in their logical order and with clearness and precision. * * * **A statement of facts which create a statutory obligation, or give rise**

to a common law duty, cannot be substituted or dispensed with, by a mere allegation that the obligation or duty exists." (Emphasis ours.)  Wilson case, supra, p. 559.

The code in express terms directs that the facts constituting the cause of action shall be stated in ordinary concise language.  **Sec. 2309.04 R. C.**

"In drawing his pleading the pleader * * * must vindicate the code system by making a clear and explicit statement of the facts constituting his cause of action in language that is not equivocal, as a party has a substantial right to have the pleading against him so definite and certain as to enable him to know what he has to meet, and to prepare his evidence accordingly; likewise, the pleading should be so framed as to enable the court to understand the precise points of the controversy."  **31 O. Jur. Pleading, Sec. 32, p. 569.**

The plaintiff Club, having invoked the aid of the court to collect the alleged award by its members against the defendant, one of its members, is required to conform to the rules of good pleading the same as any other litigant, by stating the facts submitted to the members for their determination of the cause of the damage to the airplane in question. The submission being an essential part of the petition, the facts submitted must be pleaded, in order to show on its face, that the award covers the issues involved.

"It is not the award, but the submission, that is the foundation of the action."  Tullis, Admr. v. Sewill, supra.

In other words, the gist of the complaint or the essential ground thereof, is the submission of the faccts involved in the crash of the plane on which liability of the defendant must rest.  Phillips Code Pleading, Sec. 192.

"Inducement is a preliminary statement of fact necessary to show a right of the party to maintain the cause or defense, * * *; its office is explanatory, and therefore matters therein are not required to be stated with exact certainty, as required of matters constituting the gist of the action."  **31 O. Jur. Pleading, Sec. 56, p. 592.**

Coming now to the motion of the defendant to strike from the petition:

(a) The word "negligently" (motion says "intelligently") on page one, third paragraph, in the fourth line thereof, sustained.  Whether a particular pleading is merely the conclusion of the pleader, may be tested by the presence or absence of supporting or operative facts.  Munn v. Herriff, 2 O. Supp. 401; there must be allegations of the facts upon which the conclusion rests, if the conclusion be pleaded.  **Trustees of School, etc. v. Odlin, 8 Oh St 293.**

No facts alleged as to the negligence of the defendant.

(b) The words, "not only from the negligent and careless operation of the aircraft by the defendant," first page, fourth paragraph, in first line thereof. Sustained.

(c) Second full paragraph on second page as follows:

"That as provided in said article, a meeting of the club was held, upon notice, attended by the defendant, and it was determined by the club membership, following investigation, as provided, that the accident was the result of the defendant Earl M. Lee's negligence and his violation of said regulations."

Overruled. This allegation covers the meeting of the club, on notice, attended by the defendant, in which the members of the club, after investigation, determined, as provided by the By-laws of the Club, that the damage to the airplane was the result of defendant's negligence and his violation of said air regulations and made an award against him in favor of the Club.

If the allegation as to the meeting and finding of the members be true, the defendant "had full notice of and participated in those hearings, and he is precluded by the action in those matters." International Union etc. v. Owens, supra, unless he is able to impeach or avoid the finding by pleading new matters not now of record; and if not true, he may enter his denial. In any event, the allegation is an essential and proper part of the petition, which must be met by the defendant.

Finally, on the motion to make the petition definite and certain by stating:

(a) The acts of defendant that plaintiff claims were negligent. Sustained.

The action to enforce a common law award must be brought upon pleadings as in other cases. **Childs v. Updyke, 9 Oh St 333;** it is not the award, but the submission, that is the foundation of the action. The disputed facts submitted must be pleaded. **Tullis, Admr. v. Sewell, 3 Ohio 510; B. and O. Ry. Co. v. Wilson, 31 Oh St 555, 557; 31 O. Jur. Pleading, Sec. 32, p. 569.**

(b) The local regulations that plaintiff claims the defendant violated. Sustained. Same reasons as (a).

Also a statement of the facts and issues which create a legal obligation or duty, cannot be substituted or dispensed with, by a mere allegation that the obligation or duty exists. **B. and O. Ry. Co. v. Wilson, 31 Oh St 555, 557.**

(c) The Civil Air Regulations that plaintiff claims the defendant violated. Sustained. Same reasons as (b).

Entry accordingly with exceptions by both counsel for plaintiff and defendant.